IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
(Kansas City Docket)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES HUMBERT,<br>KIMBERLY HUMBERT<br>    a.k.a. Kim Humbert,<br>CHARLES STEVENS II,<br>JOSE RAMON CARO-CORRAL,<br>ANGEL ARGUELLO-PLATA,<br>DENNIS ERICSON PORTILLO<br>    a.k.a. Maynor Benjamin Reyes,<br>    a.k.a. Alex Perez,<br>JORGE URIEL DELGADO-OVALLE, and<br>ADVANTAGE FRAMING SYSTEMS, INC.<br><br>    Defendants, | CASE NO.: 13-20033<br>01,02,03,04,05,06,07,08 KHV-DJW |

## MOTION FOR ORDER ALLOWING UNITED STATES TO MAINTAIN CUSTODY OF SEIZED PROPERTY PURSUANT TO 18 U.S.C. § 983(a)(3)(B)(ii)(II)

The United States of America, by and through, Jabari Wamble, Assistant United States Attorney, hereby moves for an order allowing the government to maintain custody of property already in the government's possession for possible forfeiture in this criminal case. In support of its motion, the United States submits as follows:

1. On April 1, 2013, agents of the Internal Revenue Service seized the following properties in anticipation of criminal indictment and forfeiture proceedings:

A. $9,171.98, more or less, seized on April 1, 2013 from Account #xxx1103 styled in the name Advantage Framing Systems, Inc. at Alterra Bank, 831 Woods Chapel Road, Lee's Summit, Missouri 64064.; and

B. $268,897.81, more or less, seized on April 1, 2013 from Account #xxx1081 styled in the name Advantage Component Systems, Inc. at Alterra Bank, 831 Woods Chapel Road, Lee's Summit, Missouri 64064.

2. On June 3, 2013 the United States filed a Bill of Particulars for Forfeiture of Property (Doc.70) in the instant criminal case, giving notice to the defendants of the government's intent to forfeit the above-referenced seized.

3. Under 18 U.S.C. § 983(a)(1)(A)(iii), within 60 days of the seizure of property for forfeiture, upon obtaining a criminal indictment containing an allegation that the property is subject to forfeiture, the Government shall, under subsection (II) … take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute.

4. When the government commences a criminal forfeiture action containing an allegation that certain property is subject to forfeiture, and the government has already seized that property by administrative or civil forfeiture process, the government must "take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute." 18 U.S.C. § 983(a)(3)(B)(ii)(II).

5. The applicable criminal forfeiture statute is 18 U.S.C. §982(a)(1), incorporating 21 U.S.C. § 853. Besides authorizing the issuance of criminal restraining orders and seizure warrants to preserve property for forfeiture, s*ee* 21

U.S.C. § 853(e) & (f), that statute also empowers the Court to "take any other action to preserve the availability of the property . . . for forfeiture . . . ." 21 U.S.C. § 853(e)(1).

6. Here, the government represents that it has taken the seized property into custody for the purpose of forfeiture and that it will preserve the seized property for forfeiture until the criminal case, including criminal forfeiture proceedings, is resolved.

7. Where the government makes these express representations regarding property already in its custody, the only type of court order needed to "preserve [the government's] right to maintain custody of the property," for the purposes of Section 983(a)(3)(B)(ii)(II), is an order providing that the government may continue to maintain custody of the seized assets until the criminal case is concluded. *United States v. Scarmazzo*, 2007 WL 587183, at *3 (E.D. Cal. 2007) (holding that, where the government originally seized property for administrative forfeiture, in order to preserve its right to maintain custody of that property for criminal forfeiture consistent with 18 U.S.C. § 983(a)(3)(B)(ii)(II), the government need obtain only an order under 21 U.S.C. § 853(e) directing the government to continue to maintain custody of the property pending resolution of the criminal case); *United States v. Standridge*, 2007 WL 2572207, at *2 (M.D. Fla. 2007) (same holding); *In Re One 2000 White Mercedes ML320*, 220 F. Supp. 2d 1322, 1325-26 (M.D. Fla. 2001) (same holding).

WHEREFORE, the United States respectfully requests that this Court issue an order, under 21 U.S.C. § 853(e)(1), directing that the United States may maintain custody of the above-referenced seized assets through the conclusion of the pending

criminal case and expressly conclude that this order satisfies the custody-preservation requirement of 18 U.S.C. § 983(a)(3)(B)(ii)(II).

Dated, this 3rd day of June, 2013.

                                            Respectfully submitted,

<u>s/ Jabari B. Wamble #22730</u>
Assistant United States Attorney
**for BARRY R. GRISSOM**
**UNITED STATES ATTORNEY**
**DISTRICT OF KANSAS**
500 State Avenue
Kansas City, Kansas 66101
Ph:913.551.6730
Fax:913.551.6541
barry.grissom@usdoj.gov
Kansas Supreme Court No.10866

## **CERTIFICATION**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification to defense counsel.

Filed Electronically
s/JABARI B. WAMBLE
Assistant United States Attorney