IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

v.

**CASE NO.:** 13-20033,01,02,03 KHV-DJW

**JAMES HUMBERT,**
**KIMBERLY HUMBERT**
    **a.k.a. Kim Humbert,**
**CHARLES STEVENS II,**

       **Defendants.**

## UNITED STATES' MOTION TO REVOKE BOND OF DEFENDANTS JAMES HUMBERT, KIMBERLY HUMBERT, AND CHARLES STEVENS II.

COMES NOW, the United States of America by and through the undersigned Assistant United States Attorney and hereby moves the Court to revoke the defendant's pretrial release bond on the grounds that defendants have committed federal offenses and are not amenable to supervision. In support of this motion, the government offers the following:

### RELEVANT PROCEDURAL BACKGROUND

The defendants were charged in a 31-count Indictment charging conspiracy in violation of Title 18, United States Code Section, 371, harboring illegal aliens for commercial advantage and private financial gain in violation of Title 8, United States Code, Section 1324(a)(1)(A), conspiracy to commit money laundering in violation of Title 18, United States Code Section 1956(a)(1)(B)(I) and money laundering related to

1

harboring illegal aliens in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(I) and 2. On April 1, 2013, the defendants were granted pretrial release under the terms of an Order Setting Conditions of Release. The defendants signed the Order acknowledging awareness of the conditions of release. (Docs. 10, 12, 25)

The conditions of the defendants' release included a provision that stated that the "defendant shall not commit any offense in violation of federal, state, or local law while on release in this case." (Id.) The defendants have failed to comply with that condition.

## APPLICABLE LEGAL PRINCIPLES

Bond revocations are governed by Title 18, United States Code, Section 3148 which states in pertinent part:

> (a) Available sanctions- A person who has been released under section 3142 of this title, and who has violated a condition of release, is subject to a revocation of release, an order of detention and a prosecution for contempt of court.
>
> (b) Revocation of release – The attorney for the Government may initiate a proceeding for revocation of an order of release by filing a motion with the district court.
>
> A judicial officer may issue a warrant for the arrest of a person charged with violating a condition of release, and the person shall be brought before a judicial officer in the district in which such person's arrest was ordered for a proceeding in accordance with this section. To the extent practicable, a person charged with violating the condition of release that such person not commit a Federal, State or local crime during the period of release, shall be brought before the judicial officer who ordered the release and whose order is alleged to have been violated. The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer--
>
> > (1) finds that there is-
> > (A) probable cause to believe that the person has committed Federal, State, or local crime while on release; or
> > (B) clear and convincing evidence that the person has violated other conditions of release; and
> > (2) finds that-
> > (A) based on the factors set forth in section 3142(g) of this title there is no condition or combination of conditions of

2

release that assure that the person will not flee or pose a danger to the safety of another person or the community; or
(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State of local felony, a rebuttable presumption arises that no combination of conditions will assure the person will not pose a danger to the safety of any other person in the community.

*Id…* "[A] district's court's finding that a defendant will not abide by any conditions of release may be established by a preponderance of the evidence." *United States v. Aron,* 904 F.2d 221, 224 (5th Cir. 1990)(Section 3148(b) clearly provides that these findings alone are sufficient to justify revocation and detention and the court need not also find the defendant will flee or pose danger to the community).

As the following discussion will establish, the conduct of the defendants has established there is no condition or combination of conditions that will assure the defendants will abide by conditions of their release.

## VIOLATIONS OF CRIMINAL STATUTES

- **Title 18, United States Code, Section 371** – Conspiracy (harboring illegal aliens)
- **Title 8, United States Code, Section 1324(a)(1)(A)**, harboring illegal aliens for commercial advantage and private financial gain.
- **Title 18, United States Code, Section 1956 (a)(1)(B)(i)**, conspiracy to commit money laundering.
- **Title 18, United States Code, Sections 2** and **1956(a)(1)(B)(i),** money laundering related to harboring illegal aliens.
- **Title 18, Untied States Code, Section 1512(b)(1)(2)(3)** – witness tampering

## FACTUAL ALLEGATIONS

The defendants James Humbert, Kim Humbert, and Charles Stevens II, have continued to engage in the employment of illegal aliens through Advantage Framing Systems, Inc. More specifically, the defendants have continued to engage in conduct

3

identical to the charged behavior in the Indictment, by conspiring to harbor illegal aliens for private and commercial advantage, and conspiring to commit money laundering by initiating financial transactions which involve the proceeds of specified unlawful activity. (Doc. 1)

Subsequent to the present Indictment, Special Agents with the Internal Revenue Service – Criminal Division ("IRS") and Homeland Security Investigations ("HSI") were made aware of illegal aliens being employed by Advantage Framing Systems, Inc. On June, 18, 2013, agents made contact with Bernardo Armenta at his residence. Armenta told investigating agents that he began working for Advantage Framing in 2008 and that he is present in the country illegally. Since defendants Jim and Kim Humbert, and Charles Stevens were released on bond April 1, 2013, Armenta has received at least six checks totaling approximately $33,000 by Advantage Framing.

On May 1, 2013 Armenta entered into a "Sub-Contract Agreement" with Advantage to perform framing work. Armenta's signature appears under "Subcontractor" while Kimberly Humbert's name with the title of "President" appears under "Contractor". Under the section "Authorized Workers", the "Sub-Contract Agreement" states:

Subcontractor, subcontractor's employees, officers, directors, agents, and subcontractors will fully comply with the Immigration Reform and Control Act of 1986. No person, representing the Subcontractor shall be allowed to perform work on the project or site that is not authorized to work in the United States or that does not fully comply with all the requirements of the Immigration Reform and Control Act. Subcontractor is responsible for all fines and penalties imposed on Contractor or Builder as a result of subcontractor's failure to comply with these requirements. A requirement to subcontract with Advantage Framing Systems Inc the subcontractor agrees to fully adopt Federal rules for the use of I-9 process and engage an independent firm to audit yearly their I-9 documents. The Subcontractor agrees to complete this process no later than December 31st each year and share a copy of the

audit results with Advantage Framing Systems within 15 days of audit. Failure to comply or unsatisfactorily audit will result in immediate termination of contracts. Firms engaged with the E-verify system are required to provide a letter documenting participation and the E-verify account number.

A records check performed by investigating agents confirms Armenta is present in the country illegally.

During the search warrant executed on Advantage Framing on April 1, 2013, special agents located correspondence from the IRS to Advantage Framing. Letters for tax years, 2008, 2009, 2010 and 2011 from the IRS to Advantage Framing indicated there were discrepancies with "payee taxpayer identification numbers". Taxpayer Identification Numbers ("TIN") may be a social security number issued by the Social Security Administration ("SSA") or an Employee Identification Number issued by the IRS. The IRS correspondence to Advantage Framing indicated Bernardo Armenta's TIN ending in xxx-xx-4213 did not match records from the IRS or SSA.

**WITNESS TAMPERING BY CHARLES STEVENS, II**

On or about June 1, 2013, Charles Stevens, II contacted Bernardo Armenta at a job site in Kansas City, Missouri and advised him that immigration agents were continuing to investigate Advantage Framing. Stevens directed Armenta not to speak to government agents and to avoid contact with them. Title 18, United States Code Sections 1512(b)(1)(2)(3) advises in pertinent part:

**(b)** Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—

**(1)** influence, delay, or prevent the testimony of any person in an official proceeding;
**(2)** cause or induce any person to—

    **(A)** withhold testimony, or withhold a record, document, or other object, from an official proceeding;

5

      **(B)**alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;
      **(C)**evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or
      **(D)**be absent from an official proceeding to which such person has been summoned by legal process; or

**(3)**hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation supervised release parole, or release pending judicial proceedings;

## CONCLUSION

Post Indictment, the defendants are carrying on with "business as usual". The defendants are still engaged in a conspiracy to harbor illegal aliens and subsequently launder the proceeds from their illegal activity. Additionally, defendant Stevens is engaged in witness tampering by encouraging individuals that have been employed by Advantage Framing to avoid contact with law enforcement and to not communicate with law enforcement if approached.

WHEREFORE, for the foregoing reasons, the United States respectfully requests the defendants' bond be revoked on the grounds that the defendants have violated the conditions of their pretrial release by committing additional federal crimes, thereby raising the presumption that they will not abide by the conditions previously imposed by this court.

**BARRY R. GRISSOM**

**UNITED STATES ATTORNEY**
**DISTRICT OF KANSAS**

s/ Jabari B. Wamble #22730
Assistant United States Attorney
500 State Avenue
Kansas City, Kansas 66101
Ph:913.551.6730
Fax:913.551.6541
barry.grissom@usdoj.gov
Kansas Supreme Court No. 10866

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 21, 2013, foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification to defense counsel.

Filed Electronically
**s/JABARI B. WAMBLE**
Assistant United States Attorney