# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 13-20033-01/02/03-KHV |
| JAMES HUMBERT, KIMBERLY HUMBERT ) | |
| and CHARLES STEVENS II, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the government's Motion To Review Release Order (Doc. #95) filed June 28, 2013. The parties agree that no hearing on this matter is necessary. For reasons stated below, the Court finds that defendants should be released on conditions pending trial.

## Procedural Background

On March 15, 2013, a grand jury charged James Humbert, Kimberly Humbert, Charles Stevens II and others with conspiracy to harbor illegal aliens for commercial advantage and private financial gain, harboring illegal aliens, conspiracy to commit money laundering and money laundering related to harboring illegal aliens. On April 1, 2013, and without objection by the government, defendants were released on conditions.

On June 21, 2013, the government filed a motion to revoke the bonds for James Humbert, Kimberly Humbert and Stevens. After a revocation hearing, Magistrate Judge David J. Waxse ordered defendants released on certain conditions, but ordered that they be detained pending the government's appeal of the revocation order.

## **Standard Of Review**

Bond revocations are governed by 18 U.S.C. § 3148(b), which states as follows:

> The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer-
>
> (1) finds that there is-
>     (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>     (B) clear and convincing evidence that the person has violated any other condition of release; and
>
> (2) finds that-
>     (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
>     (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community. If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.

18 U.S.C. § 3148(b).

Once the government establishes probable cause that defendant has committed a felony while on release, a rebuttable presumption arises that no condition or combination of conditions of release will assure that the person will not flee, or not pose a danger to the safety of any other person or to the community. See United States v. Cook, 880 F.2d 1158, 1162 (10th Cir. 1989). Once the rebuttable presumption arises, the burden of production, but not the burden of persuasion, shifts to defendant, and defendant must produce some evidence. Id. (burden of production not heavy). If

defendant satisfies his or her burden, "the presumption does not disappear, but rather remains as a factor for consideration in the ultimate release or detention determination." Id.

The government may seek review of a magistrate judge order of release. See 18 U.S.C. § 3145(a)(1). The district court reviews de novo a magistrate order of release. See United States v. Cisneros, 328 F.3d 610, 616 n.1 (10th Cir. 2003). The district court must make its own de novo determination of the facts and legal conclusions with no deference to the magistrate judge findings. See United States v. Lutz, 207 F. Supp.2d 1247, 1251 (D. Kan. 2002). A de novo evidentiary hearing, however, is not required. See id. The district court may either "start from scratch" and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted. United States v. Dozal, No. 09-20005-08/12/24-KHV, 2009 WL 873011, at *1 (D. Kan. March 27, 2009) (citing United States v. Torres, 929 F.2d 291, 292 (7th Cir. 1991)). The Federal Rules of Evidence do not apply to detention hearings. See 18 U.S.C. § 3142(f); Fed. R. Evid. 1101(d)(3). The Court may allow the parties to present information by proffer or it may insist on direct testimony. See 18 U.S.C. § 3142(f).

## Analysis

The Court incorporates the Pretrial Services Reports for the three defendants and the record of the proceedings conducted by Judge Waxse.

The government presented sufficient evidence to establish probable cause that all three defendants are still engaged in harboring illegal aliens. Accordingly, a rebuttable presumption arises that no condition or combination of conditions will assure that they will not pose a danger to the safety of any other person or the community. 18 U.S.C. § 3148(b). At the hearing before Judge Waxse, however, defendants presented sufficient evidence to overcome the statutory rebuttable

presumption. For example, defendants presented evidence that after the government filed the indictment in this case, they modified the Advantage Framing subcontractor agreements to require compliance with all laws including immigration laws. Advantage Framing also now requires subcontractors to certify compliance with immigration laws before they can receive checks for their work. These measures reflect a good faith effort by defendants to comply with immigration laws and show that they are willing to abide by conditions of release. This evidence is sufficient to overcome the statutory presumption in Section 3148(b).

The Court next determines under the factors set forth in Section 3142(g), whether conditions exist that will assure that defendants will not flee or pose a danger to the safety of any other person or the community. Under Section 3142, the Court must take into account the available information concerning–

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –
> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Court finds that the first two factors – the nature and circumstances of the offenses and the weight of evidence – are neutral as to all three defendants.

The third factor – the history and characteristics of defendants – favors release. James Humbert and Kimberly Humbert have no criminal history. Charles Stevens has no significant criminal history. All three defendant have strong family ties to Kansas, which suggests that they are not a flight risk. Defendants' history suggests that they would likely follow conditions of pretrial release.

The only disputed factor is whether the three defendants pose a danger to the community because of the risk of continued criminal conduct. Before releasing a defendant on any set of conditions, the Court must be satisfied that he or she will not pose a danger to any other person or to the community. See 18 U.S.C. § 3142(b). The government does not allege that any of the three defendants would pose a risk of physical danger to the community. The government argues, however, that defendants likely will continue to engage in unlawful conduct of providing refuge for illegal aliens. The government has presented some evidence that after defendants were arrested and released in this case, they continued to do business with an individual whom they knew or should have known as an illegal alien. The Court, however, agrees with Judge Waxse's conclusion that the government did not establish by a preponderance of the evidence that while on pretrial release, any of the three defendants knowingly violated the law.

The Bail Reform Act favors pretrial release, not detention. Here, the government has charged defendants with non-violent crimes. While defendants pose some danger to the community based on the risk of continued criminal conduct including harboring illegal aliens and money laundering, the Court finds that the proposed conditions outlined by Judge Waxse will reduce such

risk to an acceptable level. See United States v. Recobo, No. CR 11-2990-JB, 2012 WL 1371975, at *8 (D.N.M. Apr. 6, 2012) (government failed to show that defendant is such danger that no conditions would reduce that danger to acceptable level); cf. United States v. Pina-Aboite, 97 Fed. Appx. 832, 836 (10th Cir. 2004) (risk that defendant will continue to engage in drug trafficking constitutes danger to community). In sum, the government has not shown by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person and the community. See 18 U.S.C. § 3142(b), (e). For reasons stated above and as set forth by Judge Waxse at the revocation hearing, the Court also finds that defendants are likely to abide by the conditions of release.

**IT IS THEREFORE ORDERED** that the government's Motion To Review Release Order (Doc. #95) filed June 28, 2013 be and hereby is **OVERRULED**. James Humbert, Kimberly Humbert and Charles Stevens II shall be released on pretrial release subject to the conditions set forth in the Orders Setting Conditions Of Release (Doc. #85, #88 and #91) filed June 24, 2013.

Dated this 12th day of July, 2013 at Kansas City, Kansas.

                                        s/ Kathryn H. Vratil
                                        KATHRYN H. VRATIL
                                        United States District Judge